Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Joanna Ardalan, Esq. (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

*Attorneys for Plaintiff,*
*AKM-GSI Media, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKM-GSI MEDIA, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT SATELLITE INFORMATION NETWORK LLC, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, AKM-GSI, Media, Inc., complains against Defendant, Gannett Satellite Information Network, LLC, a Delaware corporation, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendant for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendant may be found and transact business in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendant is subject to the general and specific personal jurisdiction of this Court because of its contacts with the State of California.

## PARTIES

3. Plaintiff AKM-GSI Media, Inc. ("AKM-GSI") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Gannett Satellite Information Network LLC ("Gannett" or "Defendant") was formed and exists under the laws of Delaware, with its principal place of business in McLean, Virginia.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*AKM-GSI and the Photographs that Frame This Dispute*

6. AKM-GSI owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, AKM-GSI owns coveted photographs of well-known celebrities including superstar pop singer, Taylor Swift (herein referred to as "Swift Photographs"), among many others. All rights, title and interest in the Swift Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by AKM-GSI.

8. AKM-GSI filed for copyright registration of the Swift Photographs within 90 days of their first publication with the United States Copyright Office, application number 1-3953311772.

*Defendants and Their Willful Infringing Activity*

9. On information and belief Defendant Gannett owns and operates USA Today, a sophisticated multi-platform news and information media company that publishes the USA Today print newspaper, publishes content on its website, www.usatoday.com, and publishes content on its mobile phone applications. As touted on the USA Today website, "through unique visual storytelling USA Today delivers high-quality and engaging content across print, digital, social and video platforms. [USA Today is] an innovator of news and information [and reflects] the pulse of the nation and serve[s] as a host of the American Conversation – today, tomorrow and for decades to follow."

10. In information and belief, USA Today as been serving as a high-end publisher of news for almost 25 years. The printed USA Today newspaper was launched in 1982 and its online website, usatoday.com, launched in 1995. According to Alexa, an analytics company which ranks websites by the daily visitors and page views over the past month, USA Today ranks as the 78th most popular website in the United States and 357th most popular website globally as of September 19, 2016. On information and belief, USA Today publishes a vastly popular section of its website called "Entertain This," which features photographs and stories about popular celebrities, including the photographs at issue in this lawsuit.

11. On information and belief, Gannett's goal of reaching the third party users around the United States and, specifically in Southern California, is evident at least by its website advertising. The USA Today website includes advertisements for Los Angeles events and offers goods and services targeted to Southern California residents.

12. Gannett violated federal law by willfully infringing AKM-GSI's copyrights to at least two photographs on, at least, the USA Today website. Attached hereto as Exhibit A and incorporated herein by reference is a print screen of the USA Today webpage that includes the infringement and a screenshot of the two infringed photographs at issue in this lawsuit.

13. Gannett's infringement was willful, at least, because AKM-GSI, by and through its attorneys of record, sent Gannett a demand letter that identified the Swift Photographs infringement on or around August 30, 2016. The demand letter included a link to the infringement to facilitate Gannett's investigation. The demand letter also explained that Gannett engages and continues to engage in the willful infringement of the photographs. When AKM-GSI did not receive any correspondence from Gannett, it followed up by email on or around September 6, 2016. To this day, AKM-GSI has not received any correspondence from Gannett regarding the infringement and the infringement at issue remains on the USA Today website. Moreover, the infringement was willful

because USA Today had previously obtained legitimate licenses from AKM-GSI, putting USA Today on notice of the need for a license.

14. Moreover, Gannett induced, caused, or materially contributed to the reproduction, distribution and public display of the AKM-GSI Photos, and derivatives thereof, all while knowing or having reason to know of the infringement on its website was without permission, consent, or license because, inter alia, the AKM-GSI Photographs are expressly credited with 'AKM-GSI' by and through legitimate licensees, are professional-grade and high-resolution and are licensed to top tier outlets, such as Access Hollywood, The Daily Mail, E! News, Entertainment Tonight, Entertainment Weekly, Extra TV, iHeartMedia, In Touch Magazine, Inside Edition, JustJared.com, Life & Style Magazine, MarieClaire.com, The New York Post, People Magazine (including People.com), Rolling Stone Magazine, The Daily Show, The Guardian, The Insider, The Sun, Us Weekly Magazine (including UsMagazine.com), and Yahoo!.

15. On information and belief, Gannett operates and controls USA Today and the USA Today website at all times relevant to this dispute and financially benefits from the infringement of the AKM-GSI Photographs displayed thereto. On information and belief, USA Today has driven significant traffic to the USA Today website in large part due to the presence of the sought after and searched-for Swift Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Gannett as a direct consequence of their infringing actions.

16. On information and belief, Defendants' infringement of at least two of Plaintiff's photographs, and derivatives thereof, continues unabated to this very day.

17. Moreover, Gannett has willfully infringed AKM-GSI copyrights by providing a means for users to unlawfully reproduce AKM-GSI Photographs on Facebook, Twitter, and other social media, thus multiplying the infringement of the AKM-GSI Photographs.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501 Against all Defendants)

18. AKM-GSI incorporates hereby reference the allegations in paragraphs 1 through 17 above.

19. AKM-GSI is the owner of all rights, title, and interest in the copyrights of the AKM-GSI Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

20. AKM-GSI filed for copyright registration of the AKM-GSI Photographs within 90 days of their first publication with the United States Copyright Office.

21. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed AKM-GSI's copyrights by reproducing, displaying, distributing, and utilizing the AKM-GSI Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq*.

22. All of the Defendants' acts are and were performed without permission, license, or consent of AKM-GSI.

23. AKM-GSI has identified at least two instances of infringement by way of unlawful reproduction and display of AKM-GSI's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

24. As a result of the acts of Defendants alleged herein, AKM-GSI has suffered substantial economic damage.

25. Defendants have willfully infringed, and unless enjoined, will continue to infringe AKM-GSI's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Gannett's encouragement of the infringement and financial benefit it receives from AKM-GSI's copyrights.

26. The wrongful acts of Defendants have caused, and are causing, injury to AKM-GSI, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, AKM-GSI will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, AKM-GSI seeks a

1 declaration that Defendants are infringing AKM-GSI copyrights and an order under 17
2 U.S.C. § 502 enjoining Defendant from any further infringement.
3     27.    The above-documented infringements alone would entitle AKM-GSI to a
4 potential award of up to $ 300,000 in statutory damages for the at-least two infringed
5 photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. The Defendant, and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of AKM-GSI;

2. The Court enter a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendant, its officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff AKM-GSI copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff AKM-GSI's copyrights in the Photos as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4. Actual damages and disgorgement of all profits derived by Defendant from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. §§ 504 (a)(1) & (b);

5. Statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

6. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505; and

7. Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: September 20, 2016　　　　　　　　**ONE LLP**

　　　　　　　　　　　　　　　　　　By: /s/ Joanna Ardalan
　　　　　　　　　　　　　　　　　　　　Joanna Ardalan
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　　　AKM-GSI Media, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff AKM-GSI Media, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated:  September 20, 2016                              **ONE LLP**

                                                        By:  /s/ Joanna Ardalan
                                                             Joanna Ardalan
                                                             Attorneys for Plaintiff,
                                                             AKM-GSI Media, Inc.

**COMPLAINT**